IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51208
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN TODD STONE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-97-CR-225-1
--------------------
November 16, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Martin Todd Stone appeals from a judgment entered after a jury convicted him of importation of marijuana and possession of marijuana with intent to distribute. He argues that insufficient evidence was presented to support either conviction. We have reviewed the record and find no reversible error. Viewed in the light most favorable to the verdict, the evidence was sufficient to support the jury's determinations. See United States v. Shabazz, 993 F.2d 431, 441 (5th Cir. 1993). The jury heard

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that Stone admitted to a law enforcement officer that he

agreed to participate in the drug venture, before it occurred, in exchange for $1,500. Although Stone testified otherwise at trial, the jury is solely responsible for determining the weight and credibility of the evidence. United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992). The jury was entitled to credit the testimony of the law enforcement officer over Stone's.

Stone argues that the district court committed reversible error in instructing the jury on deliberate ignorance. The instruction is proper "'only when the defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate ignorance.'" United States v. Lara-Velasquez, 919 F.2d 946, 951 (5th Cir. 1990) (citation and brackets omitted). At trial, Stone asserted a lack of guilty knowledge. Having reviewed the evidence, we conclude that there was evidence of circumstances "so overwhelmingly suspicious that the defendant's failure to question the suspicious circumstances" could have been used by a reasonable jury to "establish[] the defendant's purposeful contrivance to avoid guilty knowledge." Id. at 952. Even if we perceived some error in the district court's use of the instruction, which we do not, we would find the error harmless. See United States v. Cartwright, 6 F.3d 294, 301 (5th Cir. 1993) (finding "substantial evidence of actual knowledge" when the defendant had confessed).

Stone argues that the trial court should have granted his motion for a new trial because of a psychologist's report,

prepared by order of the court after trial, indicating that his personality allowed him to follow his accomplice unquestioningly. We review the court's denial of the motion for abuse of discretion. United States v. Jaramillo, 42 F.3d 920, 924 (5th Cir. 1995). "We disfavor these motions and view them with great caution." Id.

To obtain a new trial under Fed. R. Crim. P. 33 on the basis of newly discovered evidence, Stone must show, inter alia, that his earlier ignorance of the evidence was not the result of a lack of due diligence and that the evidence "would probably produce an acquittal" if admitted at a new trial. Id. Stone can show neither. Stone knew that his defense would be that he lacked any knowledge of the drug deal before it occurred. Nevertheless, he never sought to obtain any expert testimony to explain how he could have been so easily led into circumstances that continually became more and more nebulous. If the court itself had not ordered the posttrial psychological examination, Stone apparently would not have ever obtained any expert testimony. This is not due diligence. Furthermore, having reviewed the evidence, we conclude that Stone has not shown that the psychologist's report "would probably produce an acquittal" at a new trial. At sentencing, the district judge observed that the psychologist's opinion was perplexing, because she suggested that both Stone and his accomplice led each other astray. Stone has not disputed this characterization. Such an inconsistent opinion would hardly be likely to sway a new jury. In addition, the fact that Stone is easily led astray does not mean that he

did not agree with his accomplice to participate in the drug deal, and it does not mean that he did not confess his participation to the law enforcement officer.

AFFIRMED.